**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN HARRIS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 26-cv-02707 |
| | : | |
| v. | : | |
| | : | |
| SEVEN STARS FARM, INC, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER WITH AFFIRMATIVE**
**DEFENSES TO THE COLLECTIVE ACTION COMPLAINT**

Defendant Seven Stars Farm, Inc., by and through undersigned counsel, submit its Answer with Affirmative Defenses to the Collective Action Complaint filed by Plaintiff John Harris, and in support thereof, avers as follows:

1. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied. By way of further response, any allegation that Defendant is liable to Plaintiff or the "Class Plaintiffs", as defined by Plaintiff, for a purported violation of the Fair Labor Standards Act ("FLSA"), or otherwise, is denied.

2. Admitted in part; denied in part. It is admitted that Plaintiff is employed with Plaintiff and provides milk processing services. It is denied that Plaintiff and Class Plaintiffs regularly work more than forty hours per week.

3. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied. By way of further response, any allegation that Defendant is liable to Plaintiff or the "Class Plaintiffs" for a purported violation of the FLSA, or otherwise, is denied.

4. Denied. It is denied that Plaintiff is similarly situated to those he defines as "Class Plaintiffs", or that a proper representative action exists based on the FLSA claim asserted by Plaintiff. By way of further response, any allegation that Defendant is liable to Plaintiff or the "Class Plaintiffs" for a purported violation of the FLSA, or otherwise, is denied.

5. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied.

6. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied.

7. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied.

8. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied.

9. Admitted, on information and belief.

10. Admitted.

11. Admitted in part; denied in part. It is admitted that Defendant is Plaintiff's employer. The remaining averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied.

12. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied.

13. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied.

14. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied.

15. No responsive pleading is required.

16. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied. By way of further response, any allegation that Defendant is liable to Plaintiff or the "Class Plaintiffs" for a purported violation of the FLSA, or otherwise, is denied.

17. Denied. It is denied that Plaintiff is similarly situated to those Plaintiff defines as "Class Plaintiffs", or that a proper representative action exists based on the FLSA claim asserted by Plaintiff. By way of further response, any allegation that Defendant is liable to Plaintiff or the "Class Plaintiffs" for a purported violation of the FLSA, or otherwise, is denied.

18. Denied. It is denied that there are in excess of twenty past or present employees of Defendant who are similarly situated to Plaintiff. The remaining averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied.

19. Denied. It is denied that Plaintiff is similarly situated to those Plaintiff defines as "Class Plaintiffs", or that a proper representative action exists based on the FLSA claim asserted by Plaintiff. The remaining averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied. By way of further response, any allegation that Defendant is liable to Plaintiff or the "Class Plaintiffs" for a purported violation of the FLSA, or otherwise, is denied.

20. Denied. After reasonable investigation, Defendant is unaware what Plaintiff "will request", and as such, the averment is denied. It is also denied that Plaintiff is similarly situated to those Plaintiff defines as "Class Plaintiffs", or that a proper representative action exists based on the FLSA claim asserted by Plaintiff. The remaining averments contained in this paragraph

constitute conclusions of law to which no responsive pleading is required, and as such, they are denied. By way of further response, any allegation that Defendant is liable to Plaintiff or the "Class Plaintiffs" for a purported violation of the FLSA, or otherwise, is denied.

21. No responsive pleading is required.

22. Admitted that Plaintiff commenced his employment with Defendant on April 28, 2025 and has performed milk processing duties during such time.

23. Admitted.

24. Denied. Any characterizations of the selected portions that Plaintiff ascribes to Defendant's website are denied, the terms of such website speak for themselves.

25. Denied as stated. Defendant uses milk from its farm and other farms to produce its products.

26. Denied. Any characterizations of the selected portions that Plaintiff ascribes to Defendant's website are denied, the terms of such website speak for themselves.

27. Denied. Any characterizations of the selected portions that Plaintiff ascribes to Defendant's website are denied, the terms of such website speak for themselves.

28. Admitted.

29. Admitted.

30. Admitted in part; denied in part. It is admitted that milk is agitated, pasteurized, and cooled to process yogurt. It is denied that a "mold inhibitor" is added. By way of further response, Defendant adds a culture to the process that has an effect of inhibiting the growth of mold.

31. Admitted in part; denied in part. It is admitted that Plaintiff has cleaned the milk truck, operated a filler machine, boxed and palleted yogurt, and cleaned the processing room

during non-processing days. It is denied that the "Class Plaintiffs", as defined by Plaintiff, are similarly situated to Plaintiff and perform all of the job duties as averred in this paragraph.

32. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied.

33. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied.

34. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied.

35. Denied as stated. Plaintiff was compensated at his regular rate of pay for all hours worked. It is denied that Plaintiff is similarly situated to those he defines as "Class Plaintiffs", or that a proper representative action exists based on the FLSA claim asserted by Plaintiff.

36. Admitted in part; denied in part. It is admitted that Plaintiff worked 93.50 hours during the pay period between July 27, 2025 to August 9, 2025 at an hourly rate of $26.00. The remaining averments in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied.

37. Denied. It is denied that the "Class Plaintiffs", as defined by Plaintiff, are similarly situated to Plaintiff or that they work significantly in excess of forty hours per week.

38. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied. By way of further response, any allegation that Defendant is liable to Plaintiff or the "Class Plaintiffs", as defined by Plaintiff, for a purported violation of the FLSA, or otherwise, is denied.

39. Admitted in part; denied in part. It is admitted that an employee of Defendant had a conversation with a representative of Defendant in February 2026. It is denied that Defendant

"was put on notice" of an alleged violation of the FLSA as averred in this paragraph. By way of further response, any allegation that Defendant is liable to the "Class Plaintiffs", as defined by Plaintiff, for a purported violation of the FLSA, or otherwise, is denied.

40. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied. By way of further response, any allegation that Defendant is liable to Plaintiff or the "Class Plaintiffs", as defined by Plaintiff, for a purported violation of the FLSA, or otherwise, is denied.

41. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied. By way of further response, any allegation that Defendant is liable to Plaintiff or the "Class Plaintiffs", as defined by Plaintiff, for a purported violation of the FLSA, or otherwise, is denied.

42. No responsive pleading is required.

43. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied.

44. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied. By way of further response, any allegation that Defendant is liable to Plaintiff or the "Class Plaintiffs", as defined by Plaintiff, for a purported violation of the FLSA, or otherwise, is denied.

45. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied. By way of further response, any allegation that Defendant is liable to Plaintiff or the "Class Plaintiffs", as defined by Plaintiff, for a purported violation of the FLSA, or otherwise, is denied.

46. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied. It is further denied that Defendant has taken any action that was willful, reckless, or otherwise not in good faith.

47. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required, and as such, they are denied. By way of further response, any allegation that Defendant is liable to Plaintiff or the "Class Plaintiffs", as defined by Plaintiff, for a purported violation of the FLSA, or otherwise, is denied.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff on all claims set forth in the Collective Action Complaint and grant such other relief in its favor as this Court deems proper, equitable or otherwise appropriate.

## AFFIRMATIVE DEFENSES

Defendant sets forth below its separate and distinct affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

48. Plaintiff has failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

49. Plaintiff and Class Plaintiffs are exempt from the FLSA's overtime wage requirements because, at all times relevant hereto, they were employed in agriculture under the primary meaning contemplated by 29 U.S.C. §213(b)(12), 29 U.S.C. §203(f), 29 C.F.R. §780.105, and 29 C.F.R. §780.111.

### THIRD AFFIRMATIVE DEFENSE

50. Plaintiff and Class Plaintiff are exempt from the FLSA's overtime wage requirements because, at all times relevant hereto, they were employed in agriculture under the

secondary meaning contemplated by 29 U.S.C. §213(b)(12), 29 U.S.C. §203(f), 29 C.F.R. §780.105, and 29 C.F.R. §780.111.

FOURTH AFFIRMATIVE DEFENSE

51. Plaintiff is not similarly situated to Class Plaintiffs and is not a proper representative to initiate this Collective Action Complaint.

FIFTH AFFIRMATIVE DEFENSE

52. Liability, if any, all of which being expressly denied, requires individualized, fact-intensive inquires for the different employees that cannot be ascertained on a class-basis, thereby precluding litigation on behalf of the Class Plaintiffs.

SIXTH AFFIRMATIVE DEFENSE

53. Plaintiff and Class Plaintiffs did not work the purported amount of hours alleged.

SEVENTH AFFIRMATIVE DEFENSE

54. Plaintiff and Class Plaintiffs improperly seek overtime compensation for non-compensable time, including but not limited to sick leave, vacation time, and paid holidays.

EIGHTH AFFIRMATIVE DEFENSE

55. Plaintiff and the Class Plaintiffs fail to state a claim upon which an award of attorneys' fees should be granted.

NINTH AFFIRMATIVE DEFENSE

56. If it is established that Plaintiff and the Class Plaintiff sustained any damages because of the conduct alleged in the Collective Action Complaint, which is expressly denied, Defendant has at all times acted in good faith with reasonable grounds to believe that no violation of the FLSA occurred, thereby precluding any relief for statutory liquidated damages.

TENTH AFFIRMATIVE DEFENSE

57. If it is established that Plaintiff and the Class Plaintiff sustained any damages because of the conduct alleged in the Collective Action Complaint, which is expressly denied, any such purported violations were not willful, thereby precluding expanding the statute of limitations to three years under the FLSA.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff on all claims set forth in the Collective Action Complaint, and grant such other relief in their favor as this Court deems proper, equitable or otherwise appropriate.

Respectfully submitted,

UNRUH, TURNER, BURKE & FREES

Dated: May 26, 2026

By: *__/s/ Brian D. Boreman__*

Brian D. Boreman
Attorney I.D. No. 84074
Bboreman@utbf.com
17 W. Gay Street
West Chester, PA 19382

Attorneys for Defendant