**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN HARRIS, *individually and on behalf of all others similarly situated*<br><br>Plaintiff,<br><br>v.<br><br>SEVEN STARS FARM, INC.<br><br>Defendant. | CIVIL ACTION NO.: 26-02707-MRP |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Plaintiff John Harris ("Plaintiff"), by and through his undersigned Counsel, hereby submits this Memorandum of Law in Support of Plaintiff's Motion for Leave to File a First Amended Complaint.

## I. INTRODUCTION

On April 24, 2026, Plaintiff filed this lawsuit against his current employer, Defendant Seven Stars Farm, Inc. ("Defendant"), individually and on behalf of a proposed collective of similarly-situated individuals employed by Defendant in its milk processing, bottling, and packaging operations. See ECF No. 1. In his Complaint, Plaintiff alleges, *inter alia*, that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* by failing to pay him and other members of the putative collective overtime compensation due to their misclassification as overtime "exempt" under the FLSA.[1] See Compl., ¶¶ 1-4, 16-20, 22-41, 43-47. Defendant filed its Answer to Plaintiff's Complaint on May 26, 2026. See ECF No. 9.

[1] Plaintiff intends to petition the Court at the earliest opportunity for authorization to notify members of the putative collective of the pendency of this lawsuit and their right to join the same pursuant to 29 U.S.C. § 216(b). See Compl., ¶ 20.

Plaintiff now respectfully moves this Court, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, for leave to file a First Amended Complaint, a copy of which has been attached hereto as Exhibit "A."[2] The Amended Complaint maintains the same claims for unpaid overtime compensation as the Complaint, but adds an additional claim for retaliation against Defendant under the FLSA based on more recent events. As detailed in his proposed Amended Complaint, Plaintiff contends that in the months after filing this lawsuit, Defendant retaliated against him by, *inter alia,* disproportionately reducing his work hours and assigning him more menial and less desirable tasks. See Exhibit A, ¶¶ 45-63, 72-75.

On September 9, 2026, Defendant's counsel informed Plaintiff's counsel that Defendant intends to oppose Plaintiff's Motion for Leave to Amend. Accordingly, Plaintiff seeks the Court's leave to amend, which should be granted for reasons set forth below.

## II. PROCEDURAL HISTORY

On July 8, 2026, the Court entered a Notice scheduling a Rule 16 Conference for September 2, 2026. See ECF No. 12. On August 21, 2026, the parties met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. On September 2, 2026, the parties attended a Rule 16 Conference during which Plaintiff's counsel informed the Court of Plaintiff's intention to file an Amended Complaint adding a retaliation claim against Defendant. The Court thereafter adjourned the Rule 16 Conference pending disposition of Plaintiff's Motion for Leave to Amend, while directing the parties to engage in discovery pertaining at least to Plaintiff's anticipated Motion for Conditional Certification under 29 U.S.C. § 216(b). See ECF No. 15.

---

[2] Pursuant to the Court's September 2, 2026 Order, Plaintiff has also attached as Exhibit "B" a redlined copy of his proposed Amended Complaint which shows the changes from his original Complaint.

At this time, apart from the briefing schedule set by the Court related to the instant motion, no scheduling order has been issued in this matter. Plaintiff served his written discovery requests on September 4, 2026. Defendant has yet to serve discovery requests on Plaintiff.

## III. ARGUMENT

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant a motion for leave to amend, a "court considers five factors: bad faith, undue delay, prejudice to the opposing party, the futility of amendment, and whether plaintiff has previously amended his complaint." Cal. Pub. Emples'. Ret. Sys. v. Chubb Corp., 394 F.3d 126, 164 (3d Cir. 2004) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d Cir. 1997)). The Third Circuit has "repeatedly held that 'prejudice to the non-moving party is the touchstone for the denial of an amendment.'" See Cal. Pub. Emples'. Ret. Sys., 394 F.3d at 171 (quoting Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989)). The term "prejudice" in this context "'means undue difficulty in [defending] a lawsuit as result of a change in tactics or theories on the part of the other party.'" See id. (quoting Deakyne v. Comm'rs of Lewes, 416 F.2d 290, 300 (3d Cir. 1969)). Indeed, the Third Circuit has held that, "in the absence of substantial prejudice, denial [of leave to amend] must be based on 'truly undue or unexplained delay . . . or futility of amendment.'" See id. (quoting Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993)).

### B. Plaintiff Has Met the Standard for Leave to Amend Under Rule 15(a)(2)

As explained below, Plaintiff clearly satisfies the liberal standard for obtaining leave to amend under Federal Rule of Civil Procedure 15(a)(2). See Mullin v. Balicki, 875 F.3d 140, 150 n. 21 (3d Cir. 2017) (explaining that "discretion" is a "misleading" word for describing the level

of deference owed upon review of a district court's denial of leave to amend, due to the "bias [under the Federal Rules of Civil Procedure] in favor of granting leave to amend.") (citing Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co., 195 F.3d 765, 770 (5th Cir. 1999)).

**1. Plaintiff Has Not Previously Amended His Complaint and His Request for Leave to Amend is Not Based on Bad Faith**

As a preliminary matter, Plaintiff has not previously amended his Complaint and this is his first request for leave to do so. Plaintiff also has a clear, good-faith basis for adding a retaliation claim against Defendant: the retaliatory actions he has been subjected to since filing this lawsuit, and which he details in Section III(B)(4)(a)(ii) below. See Exhibit A, ¶¶ 45-64.

**2. There Has Been No Undue Delay**

As the Third Circuit has cautioned, "delay alone is an insufficient ground to deny leave to amend." See Cureton v. NCAA, 252 F.3d 267, 272-73 (3d Cir. 2001) (internal citations omitted). Rather, the delay in question must have become "undue," either "placing an unwarranted burden on the court," or "prejudicial, placing an unfair burden on the opposing party." See id. (internal citations omitted).

Although Plaintiff's Complaint was filed approximately four (4) months ago, it was during these four months that Defendant engaged in the retaliatory conduct which forms the basis for Plaintiff's proposed retaliation claim. As such, Plaintiff respectfully submits that the interval between the filing of this lawsuit and Plaintiff's request for leave to add a retaliation claim stemmed not from any dilatory motive, but rather the intention to ensure the existence of grounds sufficient to support such a claim. In any event, Plaintiff promptly notified the Court of his intention to pursue a retaliation claim at the September 2, 2026 Rule 16 Conference, before the entry of a scheduling order and before Defendant had even issued its initial discovery

requests (which it has yet to do). Accordingly, such delay as the Court may find between Plaintiff's identification of a pattern of retaliation sufficient to support a claim and his request for leave to assert that claim is minimal. See Middle Atl. Utils. Co. v. S. M. W. Dev. Corp., 392 F.2d 380, 384 (2d Cir. 1968) (finding three-year delay from filing of the initial complaint to be "an inadequate basis for denying a motion to amend," in the absence of bad faith or prejudice).

**3. Defendant Will Suffer No Undue Prejudice**

Perhaps most importantly, Defendant will suffer no undue prejudice from Plaintiff's proposed amendment. As indicated above, "prejudice to the opposing party" is regarded as the "touchstone" for denying leave to amend a complaint. See Bechtel, 886 F.2d at 652. To establish such prejudice, the non-moving party must demonstrate "that it [will be] unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." See id. (citing Deakyne, 416 F.2d at 300). However, because this case is still in the incipient stages of litigation, and Defendant has yet to propound discovery requests, it has not been "disadvantaged" let alone "deprived of the opportunity to present facts or evidence" in defense of Plaintiff's retaliation claim which it "would have offered" had Plaintiff file his Motion for Leave sooner. Rather, Defendant remains free to conduct discovery regarding Plaintiff's proposed FLSA retaliation claim, alongside discovery related to Plaintiff's individual and collective overtime claims, even during the pendency of this motion to amend. Moreover, because the Court intends to set a scheduling order for this matter at a continued Rule 16 conference following the disposition of this motion, Plaintiff's proposed amendment will not place an "unwarranted burden on the court."

**4. Plaintiff's Proposed Amendment is Not Futile**

In order to deny leave to amend on the basis of futility, the Court must find that "the

complaint, as amended, would fail to state a claim upon which relief could be granted." See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). In this regard, "futility is governed by the same standard of legal sufficiency that applies under rule 12(b)(6)." See Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1434). Accordingly, the Defendant must demonstrate that Plaintiff's proposed Amended Complaint fails to state a "plausible" claim for relief against Defendant. See Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014). This it cannot do.

a) Plaintiff's Amended Complaint Sets Forth a Plausible Claim for Retaliation against Defendant

In his proposed Amended Complaint, Plaintiff has alleged factual allegations which, if proven, would support a claim for relief against Defendant. In this regard, to establish a *prima facie* case of retaliation under the FLSA, "a plaintiff must plead that (1) the plaintiff engaged in protected activity, (2) the employer took an adverse employment action against him, and (3) there was a causal link between the plaintiff's protected action and employer's adverse action." See Jones v. Amerihealth Caritas, 95 F. Supp. 3d 807, 814 (E.D. Pa. 2015).[3] Plaintiff's proposed Amended Complaint easily clears this hurdle.

i. Plaintiff Plausibly Alleges He Engaged in Protected Activity

In his proposed Amended Complaint, Plaintiff plausibly alleges he engaged in protected activity by, *inter alia*, filing the lawsuit and Mr. McGeary's Opt-In and Consent to Join Form. See 29 U.S.C. § 215(a)(3) (prohibiting discharge or discrimination against employee for filing

[3] As the Third Circuit has held, "the guiding principle of interpreting [the FLSA's anti-retaliation provision at 29 U.S.C. § 215(a)(3)] is to prevent a fear of retaliation from chilling employees' assertion of FLSA rights." See Uronis v. Cabot Oil & Gas Corp., 49 F.4th 263, 270 (3d Cir. 2022) (emphasizing that "the enforcement mechanism of the collective action depends on employees being – and feeling – protected from retaliation for joining[.]"). Failing to allow Plaintiff to attempt to seek redress for the retaliatory actions he plausibly alleges in his proposed Amended Complaint would risk the very same chilling effect which so concerned the Third Circuit.

any complaint under the FLSA); cf. Booth v. Mem'l Health Sys. Marietta Mem'l Hosp., 2019 U.S. Dist. LEXIS 39112, at *7-8 (S.D. Ohio Mar. 12, 2019) (recognizing that opting in to an FLSA collective action constitutes "protected activity" under the FLSA); McKenzie v. Renberg's Inc., 94 F.3d 1478, 1486 (10th Cir. 1996) (recognizing that "actively assist[ing] other employees in asserting FLSA rights" may constitute "protected activity" under FLSA).

Accordingly, the proposed Amended Complaint plausibly alleges Plaintiff engaged in protected activity under the FLSA.

ii. Plaintiff Plausibly Alleges He Suffered Adverse Employment Actions

The Third Circuit has held an "adverse employment action" is one which "alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee." See Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 257 (3d. Cir. 2014) (internal citations omitted).

Here, Plaintiff has alleged that, since he filed the Complaint, Defendant has: (a) reduced his work hours (and therefore his earnings); and (b) reduced the number of days he performs milk processing while assigning him more menial (and less desirable) job duties. See Exhibit A, ¶¶ 45-49, 56-62. Both of these actions qualify as adverse employment actions under the FLSA.

In this regard, Plaintiff contends that Defendant disproportionately reduced his hours by approximately 10 to 14 hours per pay period, depending on whether one excludes overtime hours, based on a comparison of his hours before and after filing the Initial Complaint. See Exhibit A, ¶¶ 59-61. He also contends he "consistently receives fewer hours than his coworkers, including, but not limited to new hires who routinely match or exceed his work hours." See Exhibit A, ¶ 58. Courts have held a reduction in hours may qualify as an adverse employment action. See e.g. Ngafua v. Carepine Home Health, LLC, No. 23-1468, 2025 U.S. Dist. LEXIS

55735, at *7-9 (E.D. Pa. Mar. 26, 2025) (finding that employer's reduction of plaintiff's work hours, even to 40 hours per week, in response to complaint of unpaid overtime qualified as adverse employment action sufficient to defeat summary judgment); Wilson v. Checkers Drive-In Rests., Inc., 2013 U.S. Dist. LEXIS 73062, at *15-16 (E.D. Pa. May 22, 2013) ("A reduction of hours . . . would qualify as an adverse employment action as it could deprive that plaintiff of employment opportunities or affect her status as an employee.") (internal citations omitted).

Similarly, courts have found that assignment to menial tasks and removal of job duties may also qualify as an actionable adverse employment action. See e.g. Jakomas v. City of Pitt., 342 F. Supp. 3d 632, 645 (W.D. Pa. 2018) (finding that requiring plaintiff "to perform relatively menial tasks, and otherwise meaningfully reducing her responsibilities, would involve different working conditions, status, skill, and authority so as to permit a jury to conclude they were adverse employment actions.") (internal citations omitted).

Accordingly, the proposed Amended Complaint plausibly alleges Defendant took adverse employment actions against Plaintiff.

iii. Plaintiff Plausibly Alleges Causation

Finally, Plaintiff has plausibly alleged facts which support an inference of causality. In this regard, Plaintiff contends that approximately one (1) week after he filed the lawsuit, Defendant began training another employee on his chief tasks of vat cleaning and milk processing, while reducing his own hours well below 40 hours per week. See Exhibit A, ¶ 48. Plaintiff later learned that this same employee was upgraded from part-time to full-time shortly after he filed this lawsuit, clearing the way for her to absorb Plaintiff's work duties and hours. See id, ¶ 49. This close temporal proximity alone is sufficient to establish a causal inference. See Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 307 (3d Cir. 2012) (finding

temporal proximity of seven days to be unduly suggestive of causation). Nevertheless, in his proposed Amended Complaint, Plaintiff also describes a pattern of intervening antagonism by Defendant's owner, Cindy Dunphy ("Ms. Dunphy"), which is indicative of a retaliatory motive. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 232 (3d Cir. 2007) (explaining that where temporal proximity is not "unusually suggestive," an employee may nevertheless establish causation by demonstrating "intervening antagonism or retaliatory animus"). This includes: (a) being written up the day after he filed Mr. McGeary's Opt-In and Consent to Join Form for supposedly violating a cell phone policy which Defendant does not enforce against other employees; (b) reducing his milk processing days; and (c) subjecting his performance to disproportionate scrutiny and criticism. See Exhibit A, ¶¶ 48-57, 62-64.

As such, the proposed Amended Complaint sets forth sufficient facts to establish a causal link between Plaintiff's protected activity and the adverse employment actions to which he was subjected by Defendant. Accordingly, because the proposed Amended Complaint sets forth a plausible claim for retaliation under the FLSA, Plaintiff's proposed amendment would not be futile.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion for Leave to File a First Amended Complaint.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: /s/ Michael Groh
Michael Murphy, Esq.
Michael Groh, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.

Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: September 9, 2026

**CERTIFICATE OF SERVICE**

I, Michael Groh, Esquire, hereby certify that on September 9, 2026, I caused a true and correct copy of the foregoing to be filed via ECF, which will send notification of such filing to the following counsel:

Brian D. Boreman, Esq.
Unruh Turner Burke & Frees
17 W. Gay Street, Suite 200
West Chester, PA 19381
P: 610.692.1371
F: 484.653.2217
bboreman@utbf.com
Counsel for Defendant

/s/ Michael Groh
Michael Groh, Esq.

Dated: September 9, 2026